Bergan, J.
 

 Complainant Abdullahi Ibrahim is an Orthodox Muslim. One of the requirements of his religion is he wear a beard. Applying to Eastern Division of Greyhound Lines, Inc. for employment as a baggage clerk, he was told by petitioner-respondent McCarter, who acted as a representative of the company, that men in this job must be clean-shaven. He apparently was otherwise satisfactory for employment. Complainant said his religion required him to wear the beard; the company official nevertheless repeated the general policy relating to clean-shaven appearance.
 

 This policy is expressed in a company regulation which, in part, states: “ A good clean appearance must be presented at all times when dealing with the Public. The men will be freshly shaven and with reasonable haircuts * * *. Male Ticket Agents, Male Travel Bureau Clerks, Counter Information Clerks
 
 *283
 
 must wear clean white shirts and neckties at all times when transacting business with customers.”
 

 Mr. Ibrahim filed a complaint with the respondent-appellant New York State Division of Human Rights alleging an unlawful discriminatory employment practice by Greyhound in violation of section 296 of the Human Rights Law (Executive Law, art. 15). This section defines as “an unlawful discriminatory practice ” the refusal by an employer to hire a person because, among other things, of “ creed ”.
 

 A hearing commissioner found the policy of Greyhound did in fact discriminate against complainant because of his religion and imposed certain penalties. The State Human Rights Appeal Board, reviewing the hearing commissioner, confirmed his decision.
 

 Although the Appeal Board agreed that the company’s rule against beards was not intended to discriminate against complainant because of creed, the effect of the rule as to this complainant was found thus to discriminate against him. To become an employee, the board concluded, “ he would be required to repudiate a portion of his religious convictions ”.
 

 On appeal the Appellate Division reversed and annulled this decision. The court ruled the company’s general policy, “ uniformly applied and adhered to ”, to require all its employees be clean-shaven does not conflict with the statute and is not “ an unlawful discriminatory practice ”.
 

 Objection to the wearing of beards by employees coming in contact with the public may, indeed, be put on grounds having no relationship to creed. Such a relationship between idiosyncratic personal appearance and religion does not come to mind when the average person sees a beard. Beards are generally worn, or not, according to secular style, custom, usage and taste.
 

 Policy resting on a desire to promote business by greater public support could justify the exclusion by an employer of beards and have no possible religious connotation. Such a rule, so motivated, as it affected employment, would not come within the bar of the statute unless it be shown, that which is not shown here: the employment decision was in fact actuated by discrimination against creed.
 

 
 *284
 
 There is here no suggestion of such motivation and, indeed, the record shows Greyhound employs a number of Muslims. The issue thus becomes very narrow: whether an employer must accommodate his general pattern of employment to the special requirements of each individual’s religion.
 

 The failure to make this kind of accommodation to particularization, which could assume many variations in appearance and in time schedules, is not in- itself or in the absence of actual discrimination based on creed, a violation of section 295 of the Human Bights Law.
 

 The decision in the leading case of
 
 Sherbert
 
 v.
 
 Verner
 
 (374 U. S. 398) relating to the right of a member of the Seventh-Day Adventist Church to receive unemployment compensation from South Carolina when she lost her job because she would not work on Saturday, her Sabbath, was concerned with State action and was expressly limited to discrimination in allowance of a public benefit (p. 410) on the basis of
 
 Everson
 
 v.
 
 Board of Educ.
 
 (330 U. S. 1, 16).
 

 The Sixth Circuit in an action against a private employer resting on purported discrimination due to religion under the Federal Civil Bights Act of 1964 held that implementation of a general collective bargaining agreement which sometimes called for work on Sunday was not discrimination based on religion where the plaintiff alleged Sunday work was contrary to his religious beliefs
 
 (Dewey
 
 v.
 
 Reynolds Metals Co.,
 
 429 F. 2d 324, cert. filed U. S. Sup. Ct., Oct. 12, 1970, 39 U. S. Law Week 3169).
 

 The opinion noted that plaintiff and the
 
 amici curiae
 
 in that case tried to
 
 “
 
 equate religious discrimination with failure to accommodate ’ ’. These two concepts, the court noted,
 
 ‘ ‘
 
 are entirely different” (p. 335). The court considered the limited scope of
 
 Sherbert v. Verner
 
 (374 U. S. 398,
 
 supra).
 
 See, also,
 
 Otten
 
 v.
 
 Baltimore & Ohio R. R. Co.
 
 (205 F. 2d 58).
 

 The order should be affirmed, without costs.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Breitel, Jasen and Gibson concur.
 

 Order affirmed.