**Howard B. ROBERTS, Plaintiff,**

v.

**GENERAL MILLS, INC., Defendant.**

**Civ. No. C 71-97.**

United States District Court,
N. D. Ohio, W. D.

Sept. 21, 1971.

Jack Gallon, Toledo, Ohio, for plaintiff.

John G. Mattimoe, Toledo, Ohio, for defendant.

## MEMORANDUM

DON J. YOUNG, District Judge.

■ This cause came to be heard upon defendant's motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Several exhibits and an affidavit were submitted by the defendant and thus,

this motion to dismiss will be treated as a motion for summary judgment under Rule 56 as provided for in Rule 12(c) of the Federal Rules of Civil Procedure.

Jurisdiction of this Court is invoked under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., which prohibits discrimination by employers based on sex.

Defendant, in its motion to dismiss, admits for purposes of the motion only, the factual allegations of the complaint.

In October, 1965, plaintiff entered into the employment of defendant in the processing department where cereal is made.

On March 5, 1970, a memorandum was issued by General Mills to all employees. Rule 3 of the memorandum stated that in jobs where there is exposed food, men will wear hats and women will wear hairnets. By March 7, 1970, plaintiff's hair had grown to a point where a hat did not cover all of his hair. He asked that he be allowed to wear a hairnet.

On June 18, 1970, plaintiff received a written reprimand from defendant. Again he asked to wear a hairnet and was informed that he could not because of the plant rules.

On July 18, 1970, plaintiff was discharged from employment at General Mills because a hat was not sufficient to cover his hair.

The basic issue which is presented here is one of discrimination in classification of employees on the basis of sex. That is, the plaintiff complains that General Mills will not allow him to grow his hair to the same length as the hair of the women in the same department, and because he did, he lost his job.

Defendant has argued convincingly for the need for quality control in food processing. There can be little dispute over the necessity of having regulations which insure that sanitary conditions are maintained. Thus, the rules requiring clean clothing, no beards, etc. are clearly a reasonable means of assuring the quality of the product. But it is not these reasonable measures which are being assailed here. The gravamen of the plaintiff's amended complaint is focused clearly on what class of employees may wear hairnets. Implicit within this, of course, is an attack upon the reasonableness of any such classification.

Defendant argues that the classification is reasonable in light of the hazard of possible contamination. It does not appear that contamination could occur any more easily from a man's hair contained within a hairnet than a woman's. Therefore, it would seem that the insistence on men wearing hats is based upon grounds other than sanitation.

■ Defendant further argues that an employer has an absolute right to make such rules as he wishes regarding his employees. This is true only to a degree, and great perspicacity is not required to realize that the Civil Rights Act of 1964 negates an employer's right to discriminate, classify, or otherwise make rules which are based upon race, religion, sex or national origin.

■ Even the cases cited by the defendant indicate that a reasonableness test must be met in order to sustain an employer's classification when it involves one of those areas.

It can reasonably be inferred that in a business dealing directly with the public, a clean-shaven image would be important for customer satisfaction. So, not hiring an Orthodox Muslim, whose religion required him to wear a beard, did not constitute refusal to hire because of creed. Eastern Greyhound v. New York State Division of Human Rights, 27 N.Y.2d 279, 317 N.Y.S.2d 322, 265 N.E.2d 745 (1970). The court in the *Greyhound* case was obviously applying a test to the employment requirements and not allowing Greyhound to make whatever rules it wished with regard to its employees.

The defendant has further argued by citing U. S. A. v. Libbey-Owens-Ford Co., No. C 70–212 (N.D.Ohio, Feb. 9,

1971), an earlier case in this Court, that because discrimination usually involves an underdog, the remedy lies in removing the favored class's benefit. That was the remedy in that case, but to suggest that this simple formula must be applied in every case would be nonsense. No one would argue that to eliminate discrimination in voting, all should be disenfranchised.

Plaintiff's complaint rests upon 42 U.S.C. § 2000e–2(a) which states in relevant parts:

> (a) It shall be an unlawful employment practice for an employer
>
> > (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex.

It appears then that the defendant has classified its employees, by its rule that men wear hats and women wear hairnets, in such a way that plaintiff has been deprived of his employment opportunities. This case is quite similar to the "protective" law cases. The upshot of the "protective" laws is the exclusion of women from certain positions on a generic basis by stating that they are not physically or biologically suited for such employment. Apparently, this is a carry-over of the stereotype that females are the weaker sex. Such employment practices constitute a violation of Title VII of the Civil Rights Act, Virginia Manning v. General Motors Corporation, No. C 69–334 (N.D.Ohio, Aug. 10, 1971), recently decided by this Court. The further test, in addition to the "reasonableness" criterion, is, then, whether the rule is made on an individual basis or on a generic stereotype basis. In this case it was obviously the latter.

For these reasons the defendant's motion for summary judgment must be overruled.

Since the defendant admitted to the facts of the complaint only for purposes of this motion and since the defendant has not yet filed an answer to the complaint, summary judgment for the plaintiff will not be considered.

An order will be entered in accordance with this memorandum.