Memorandum. Although the prohibitions against discrimination in employment based on sex extend not only to hiring but to conditions and privileges of employment as well (Executive Law, § 290
 
 et seq.),
 
 we do not believe that an employer unlawfully discriminates when he establishes a reasonable grooming policy which may be said to differentiate between male and female. Employers, particularly those whose business involves contact with the public should be free to express and act upon a concern with the image which their employees communicate by their appearance and demeanor. There is no indication in the record before us that Page Airways’ regulations were the result of an invidious intention to affect, to harass or to deprive one sex of equal opportunity or treatment
 
 (Matter of Eastern Greyhound Lines v New York State Div. of Human Rights,
 
 27 NY2d 279). Thus the instant regulations do not constitute discrimination within the meaning of the applicable statutes.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum.