repeatedly held that law office failures do not excuse defaults such as occurred here (see *Abbinanti v. Baisch,* 41 A D 2d 693)". (See, also, *Rabetoy v Atkinson,* 49 AD2d 691, app dsmd 37 NY2d 803; *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692; *Dent v Baxter,* 37 AD2d 908; *Clements v Peters,* 33 AD2d 1096; *Sortino v Fisher,* 20 AD2d 25, 29.) No extraordinary or exceptional circumstances are alleged and Special Term's discretion was properly exercised *(Schultz v Kobus,* 15 AD2d 382). (Appeal from order and judgment of Wayne Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GARY AUSTIN, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Relator is presently incarcerated in Auburn Correctional Facility pursuant to an indeterminate sentence of three years to life imprisonment for the crime of criminally selling a controlled substance, third degree. In this habeas corpus proceeding he contends that the sentence is excessive and cruel and inhuman because he should have been sentenced to a drug rehabilitation center. The sentence is proper under the mandatory provisions of the statute (Penal Law, §.70.00, subd 3, par [a]) and the statute is constitutional *(People v Broadie,* 37 NY2d 100). Relator's reliance upon our decision in *People v Young* (46 AD2d 202) is misplaced inasmuch as defendant in that case was sentenced under the nonmandatory sentence provisions of the former statute. (Appeal from judgment of Cayuga Supreme Court,—habeas corpus.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v FOODMART, INC., OF CORNING et al., Petitioners.—Petition granted and determination unanimously annulled, without costs. Memorandum: The State Division of Human Rights has requested that the determination be annulled upon the decision of the Court of Appeals in *Matter of Page Airways of Albany v New York State Div. of Human Rights* (39 NY2d 877). (Proceeding pursuant to section 298 of the Executive Law.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ ROBERT E. MORSE, JR., as Administrator of the Estate of ROBERT E. MORSE, SR., Deceased, Respondent, v STELLA PENZIMER, Appellant. (Appeal No. 1.)—Order unanimously affirmed, without costs. (See *Morse v Penzimer,* 54 AD2d 613 [Appeal No. 2, decided herewith].) (Appeal from order of Oneida Supreme Court—strike from calendar.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.

■ ROBERT E. MORSE, JR., as Administrator of the Estate of ROBERT E. MORSE, SR., Deceased, Respondent, v STELLA PENZIMER, Appellant. (Appeal No. 2.)—Order unanimously affirmed, without costs, upon the memorandum decision at Special Term. (Appeal from order of Oneida Supreme Court—dismiss complaint, preclusion order.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.

■ In the Matter of GEORGE C. SIPPRELL, as Commissioner of Erie County Department of Social Services, Respondent, v CHARLES MERRI-WEATHER, Appellant.—Order unanimously affirmed, without costs. Memorandum: By order of the Erie County Family Court, respondent was directed to pay $100 per week for the support of petitioner, his wife, and 8 of the couple's 16 children who are minors and who currently reside with petitioner. This support award was in all respects proper. The record indicates that respondent's net monthly wages are $939.16 with monthly expenses of