Alan **WILLINGHAM**, Plaintiff,

v.

**MACON TELEGRAPH PUBLISHING COMPANY**, Defendant.

**Civ. A. No. 2694.**

United States District Court, M. D. Georgia, Macon Division.

April 11, 1972.

Charles Marchman, Jr., Gray, Ga., Edward L. Baety, E. E. O. C., Atlanta, Ga., for plaintiff.

E. S. Sell, Jr., Macon, Ga., for defendant.

BOOTLE, Senior Judge:

Plaintiff, who is a twenty-two year old male caucasian, comes to this court complaining that he is the victim of invidious sexual discrimination in that the defendant refused to hire him solely because of the long hair style which he affected, while at the same time not imposing similar hair length standards on female applicants and employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Additionally, he invokes the provisions of the Civil Rights Acts enacted shortly following the Civil War, 42 U.S.C. §§ 1981, 1983, to invest this court with jurisdiction of his cause.

Plaintiff's contentions, shorn of all their passionate rhetoric, are essentially that the application of different "hair length and/or grooming standards" between men and women wreaks an invidious discrimination on the parties adversely affected thereby, all in violation of the Civil Rights Acts above cited. Plaintiff does not appear to challenge the right of defendant employer to require male employees to wear their hair in a shorter style, but rather seems to be saying that in order legally to do so it must also require women to do likewise.

Defendant filed a motion to dismiss asserting essentially that the application of different grooming standards by employers did not constitute a violation of Title VII; thus, plaintiff failed to state a claim upon which relief can be granted.[1] Affidavits being attached to the motion, this Court has elected to treat the motion as one for summary judgment. The parties were given opportunity to submit all additional matter they desired in this regard and the parties have availed themselves fully of this opportunity. The Equal Employment Opportunity Commission jumped into the middle of the fray, submitting their brief as *amicus curiae* supporting plaintiff's cause. Plaintiff then filed his own motion for partial summary judgment.

---

1. Additional grounds were set out for the motion but since it will not be necessary to reach them there is no necessity for setting them out here.

Although the scope of the law suit has expanded greatly, it will not be necessary for this court to consider any issue other than the scope of the coverage of the Civil Rights Acts above mentioned because taking as true all of the allegations in the complaint still no substantive issue is presented, for this court finds that those Acts do not encompass the actions of defendant complained of by plaintiff; therefore, defendant is entitled to a judgment as a matter of law.

Plaintiff would characterize the application of different grooming standards for men and women by an employer as "invidious discrimination" based on sex. "If there are different hair length standards applied to men and women (e. g., women may wear long hair while men may not), this is the type of invidious discrimination prohibited by the Act." (42 U.S.C. § 2000e).

Plaintiff's theory, if viewed abstractly, would seem to possess a semblance of logic. However, all too often theories which may seem to be reasonable and logical when viewed alone or in the abstract prove to be highly artificial once they are exposed to everyday realities and are measured by prevailing standards of common sense. Such is the case here.

What the Act invoked by plaintiff precludes is discrimination in employment opportunities and conditions of employment motivated by sexual considerations. What plaintiff fails to realize is that he is not precluded from employment opportunities because of his sex, nor would it appear that such is the case with any other male or female applicant. From all that appears, equal job opportunities are available to both sexes. It does not appear that defendant fails to impose grooming standards for female employees; thus in this respect each sex is treated equally. Nor is it contended that defendant is employing grooming standards as a guise to justify refusing to employ males. What the defendant does require is that plaintiff conform to standards of appearance which the defendant feels are necessary to the conduct of his business. It is not unreasonable for an employer to expect differences in grooming between men and women —and such expectations are not indicative of sexual discrimination.

If plaintiff's approach to Title VII be accepted and the application of different grooming standards to men and women be declared "sexual discrimination", then the scope of the Civil Rights Act of 1964 is subject to expansion far beyond what must have been the purpose for its enactment. If this interpretation of the Act is expanded to its logical extent, employers would be powerless to prevent extremes in dress and behavior totally unacceptable according to prevailing standards and customs recognized by society. For example, if it be mandated that men must be allowed to wear shoulder length hair despite employer disfavor, because the employer allows women to wear hair that length, then it must logically follow that men, if they choose, could not be prevented by the employer from wearing dresses to work if the employer permitted women to wear dresses. While dresses on men would be a greater departure from the norm than is long hair, if plaintiff be correct, it cannot be gainsaid that to prevent men from wearing dresses while allowing women to do so would discriminate against the rights of men, and such discrimination would be present in the same manner as it would be present when men are prohibited by employers from wearing long hair. Continuing the logical development of plaintiff's proposition, it would not be at all illogical to include lipstick, eyeshadow, earrings, and other items of typical female attire among the items which an employer would be powerless to restrict to female attire and bedeckment. It would be patently ridiculous to presume that Congress ever intended such result, yet if plaintiff's interpretation of the Act be accepted, then it must follow that such extremes in behavior are also included within the coverage of the Act.

It is neither unreasonable nor arbitrary to allow private employers to take cognizance of difference in groom-

ing practices and dress customarily recognized by the sexes. Such recognition and rules predicated thereon do not constitute "sexual discrimination". No fundamental human right being here involved, an employer should not be coerced into countenancing, regardless of the consequences to his business, what society may frown upon.

The court in Eastern Greyhound Lines v. New York State Division of Human Rights, 27 N.Y.2d 279, 317 N.Y.S.2d 322, 265 N.E.2d 745 (1970) recognized this principle by ruling that the denial of employment to an applicant for a job as a baggage clerk in the employer's bus operation because he wore a beard did not amount to unlawful discrimination on account of religion even though the applicant was required by his religion to wear a beard. The court stated that "The failure to make this kind of accommodation to particularization, *which could assume many variations* in appearance and in time schedules, is not in itself or in the absence of actual discrimination based on creed . . . ." (Emphasis added). That court recognized that an employer does not have to "accommodate his general pattern of employment to the special requirements of each individual's religion", even where that religion's requirement related to grooming practices. (It is noted that 42 U.S.C.A. § 2000e–2 prohibits discrimination based on religion and sex alike). The principles there enunciated this court feels should apply to grooming practices based on a strong sense of individualism, which in itself has many of the aspects of a religion. See also Allied Employers, Inc. v. Retail Clerks International Association, Local 1105, 1 C.C.H., Employment Practices, Par. 5145; Dodge, et al. v. Giant Food, Inc., 3 EPD 8184 (Dist. of Columbia, 1971).

 Employers, like employees, have rights. This court, without a far more certain mandate from Congress than that contained in Title VII, will not be party to what it considers a ridiculous, unwarranted encroachment on a fundamental right of employers, i. e., the right to proscribe reasonable grooming standards which take cognizance of societal mores. As previously stated, this court interprets Title VII as prohibiting discrimination in employment opportunities and conditions of employment motivated by sexual considerations. The application of different grooming standards between the sexes does not, without more, constitute a denial of equal employment between the sexes. Further, such practice is not the application of unequal conditions of employment, unless, that is, the employer exacted grooming standards from one sex but allowed the other free rein. Where women as well as men are expected to conform to reasonably prescribed grooming standards there is no discrimination, even though the employer takes into consideration biological and cultural differences in drawing up the standards. An employer should be able to decline employment to a female applicant who shaves her head as clean as a billiard ball while not declining to hire a male applicant similarly groomed. A woman so groomed might well be an object of curiosity and derision, and, as such, counterproductive to goals of the employer. Similarly, the employer should be allowed to refuse employment to a male with locks and tresses falling to his shoulders while not denying employment to a female with similar type hair.

This court recognizes that this is the age of the "individual", with great emphasis being placed on individual rights. However, be this as it may, individuals do not exist in a vacuum; therefore, in protecting the exercise of these rights by any one individual care must be exercised so as not to impinge on the rights of other "individuals". A balancing act is required, giving to each the most protection that is possible consistent with protecting others. Employers, like employees, must be protected. We should not, under the guise of individual rights, coerce employers to conform their practices to the demands of those few who affect practices which are alien to prevailing societal norms. Plaintiff clearly has

the right to wear his hair as he pleases, but correspondingly, the defendant has the right to expect its employees to groom and conduct themselves in such a way as to promote the best interest of its business.

Accordingly, the motion for summary judgment dismissing the action is hereby granted.

So ordered.