**Doyle TRENT et al., Plaintiffs,**

v.

**E. L. PERRITT, Superintendent of the County-Wide School District of Rankin County, Mississippi, et al., Defendants.**

**Civ. A. No. J74–235(R).**

United States District Court, S. D. Mississippi, Jackson Division.

March 27, 1975.

Charles H. Ramberg and John L. Maxey, II, Jackson, Miss., for plaintiff.

Jame W. Smith, Jr., Pearl, Miss., James A. Becker, Jr., Jackson, Miss., for defendant.

OPINION OF THE COURT

DAN M. RUSSELL, Jr., Chief Judge.

Doyle Trent, a seventeen year old male, twelfth grade student of Florence High School in the county-wide school district of Rankin County, Mississippi, by and through his mother as next friend, filed this action on behalf of himself and all other male students attending or entitled to attend the public schools of Rankin County to enjoin E. L. Perritt, superintendent of the school district, Shalley Vaughn, principal, and Gary Everett, assistant principal, of the Florence High School, with the latter two defendants also being sued as representatives of all the principals and assistant principals in the school district, from enforcing a county-wide school grooming regulation which prohibits male students from wearing hair below the ear lobe or over the collar.

Plaintiff alleged that on October 7, 1974, he was suspended from his classes for having a hair style in violation of the grooming regulation. He asserts the jurisdiction of this Court under 28 U.S. C. § 1343(3) and (4) and a cause of action under 42 U.S.C. § 1983. Plaintiff claims that defendants, by denying him and his class the right to attend school until they comply with grooming regulations not imposed upon female students, have denied plaintiffs equal protection of the laws in violation of the

Fourteenth Amendment to the United States Constitution. Plaintiff also claims that the Rankin County schools are schools participating in federally assisted education programs, and, by virtue of Section 1681, 20 U.S.C., defendants are prohibited from excluding plaintiffs from participation in such programs on the basis of sex.

Defendants filed a motion to dismiss for failure to state a claim against any of the defendants upon which relief can be granted and because the allegations do not rise to constitutional proportions, relying on decisions of the Fifth Circuit Court of Appeals in Karr v. Schmidt, 460 F.2d 609, addressed to constitutional privileges and limitations, and Willingham v. Macon, D.C., 352 F.Supp. 1018, addressed to discrimination based on sex. At the time Willingham was cited by defendants, it had been reversed, 5 Cir., 482 F.2d 535, but was pending on an en banc hearing from which no decision had been issued.

While awaiting the en banc decision in Willingham, this Court denied defendants' motion to dismiss because of the injection of the sex discrimination charge. Subsequently, both parties filed motions for summary judgment submitted to the Court on the pleadings and the depositions of defendant Perritt, the school superintendent, and defendant, Everett, principal of Florence High School. These motions are now before the Court.

In Karr v. Schmidt, supra, the Fifth Circuit was faced with "another of the multitude of lawsuits which have recently inundated the federal courts attacking hair length regulations promulgated by local public school authorities." In dealing with the question of whether or not there is a constitutionally protected right to a high school student to wear his hair as he pleases, the Appellate Court concluded that the matter of hair grooming does not rise to constitutional levels under due process, or of equal protection if the regulation is rationally based to accomplish a permis-

sible state objective, and further that the burden is on the challenger to show that the regulation is arbitrary. The Appellate Court then went further by holding: "Given the very minimal standard of judicial review to which these regulations are properly subject in the federal forum, we think it proper to announce a per se rule that such regulations are constitutionally valid. Henceforth, district courts need not hold an evidentiary hearing in cases of this nature. Where a complaint merely alleges the constitutional invalidity of a high school hair and grooming regulation, the district courts are directed to grant an immediate motion to dismiss for failure to state a claim for which relief can be granted."

Had not sex discrimination been charged in the instant case, this Court would have been bound to follow the per se rule announced in Karr and to have promptly granted defendants' motion to dismiss even in the absence of any evidence that the hair grooming regulation pertaining to male students was "rationally based to accomplish a permissible state objective." The evidence before the Court, consisting of the depositions of two school officials, confirm that the Rankin County schools do participate in federally assisted education programs. One deposition contains as an exhibit a copy of the student dress code policy, as amended on August 14, 1972. The other contains as an exhibit a copy of the 1974–75 student handbook, including the dress code under the heading "Wearing Apparel." Although differing in a provision pertaining to the wearing of shorts by girls, the provision pertaining to boys' hairgrooming is identical. It provides: "Boys are to be clean shaven with sideburns no lower than ear lobes. Hair is to be neat and trim. Hair shall not touch collar in back, be no longer on sides than sideburns, or touch eyebrows in the front. Neat, light mustaches will be tolerated." Both school officials confirmed that the regulation was applied equally to all boys in the school system. If anything, plain-

tiff was favored. He had been warned several times before his suspension of his violation of the rule, and was even permitted to wear a wig, without suspension, as long as the offending length of his hair was hidden by a wig. Because his suspension was temporary and because he was attending school wearing a wig at the time suit was filed, plaintiffs voluntarily agreed to a dismissal of their motion for a temporary restraining order and a preliminary injunction. No evidence was offered by the defendants that the boys' hair grooming rule is necessary in the furtherance of educational goals, nor did plaintiff offer any evidence to the contrary. None was required if the mandate in Karr controls.

Plaintiffs contend that Karr did not have before it a claim of sex discrimination under 20 U.S.C. § 1681, and therefore is not dispositive of the instant action. Further in their brief, plaintiffs point to proposed HEW regulations under 20 U.S.C. § 1681, published on June 20, 1974, 39 F.R. 22232, Section 86.31, providing in part as follows: "(b) specific prohibitions. . . . . (I)n providing any aid, benefit, or service to a student, a recipient (of federal funds) shall not on the basis of sex: (5) discriminate against any person in the application of any rule of appearance; . . ." In their argument, plaintiffs relied on the Fifth Circuit's reversal of Willingham, supra. Since then the en banc decision, 507 F.2d 1084, 1975, has reversed the panel decision, holding that a private employer's grooming code, requiring different hair length for male and female job applicants and employees, was outside the proscription of the Civil Rights Act of 1964, § 703.(a), 42 U.S.C. § 2000e–2(a). The en banc court found the discriminatory hair requirement unrelated to job opportunity, the obvious purpose of the act being to accord job opportunity to women on an equal basis with that of men. Because of the en banc reversal, defendants now claim that Willingham supports their position. The Court agrees, even though in Willingham it was carefully noted that no state action was present giving rise to a constitutional question, and no claim of deprivation of a constitutional right was advanced. In Willingham, Circuit Judge Simpson writing for the en banc court made a three-step analysis: (1) has there been some form of discrimination, i. e., different treatment of similarly situated individuals; (2) was the discrimination based on sex; and (3) if there has been sexual discrimination, is it within the purview of the bona fide occupational qualification exception of 42 U.S.C. § 2000e–2(e) and thus lawful? In the Rankin County school dress code policy, the only regulation pertaining to female students' hair is the one sentence: "Students will not be permitted to attend school with any type of rollers in hair or with distracting hair styles." Although the word "students" necessarily covers both sexes, plaintiffs contend that only they, as male students, are under the additional requirement to have hair with sideburns no lower than ear lobes, and that shall not touch the collar in back or be no longer on sides than sideburns. In applying the above analysis to this factual situation, it is obvious that boys' hair is treated differently than girls'; the difference is based on sex; but is this discrimination within the purview of 20 U.S.C. § 1681? The court thinks not. Without going into the Congressional history of this section it is quite plain, in the growing awareness of women's emergence in every day life to a status compatible with that of men, that the Congress intends federal financial assistance to be available to girls as much as to boys under any education program or activity. This does not require that the recipient erase all differences between the sexes. If the word "appearance" in the proposed HEW regulations quoted in part above and not to this Court's knowledge yet adopted, means grooming and proposes to erase all outside physical distinctions between the sexes, it aims at a ridiculous result, one of stereotyping both sexes into one, with little relation to the purpose of the federal funding.

I find on the basis of the above reasons and, in the present posture of the case, that defendants' motion for summary judgment should be granted, and that this action should be dismissed.

An appropriate order to this effect, assessing court costs to the named plaintiff may be submitted within the time provided for by the rules of this Court.