■  STATE DIVISION OF HUMAN RIGHTS, Respondent, v CARNATION COMPANY et al., Petitioners.—Determination unanimously annulled, without costs, and determination of Division of Human Rights confirmed. Memorandum: This appeal presents a question, which in recent years has generated a spate of lawsuits, particularly in the Federal courts, relating to the right of an employee to demand that his employer grant him time off for religious observances. In large measure, determinations in this area turn on particular fact situations. Complainant-respondent Daryl Clarke in September, 1971, more than four years after he began his employment with petitioner Carnation Company (employer), converted to the religion of Seventh Day Adventist. He informed his employer that because of his religious beliefs he would not work on Saturdays. The employer took steps to accommodate him by switching days off in a manner not in keeping with the normal established plant operation. Despite problems with other employees because of the method of accommodation the employer permitted complainant to arrange with two other employees to work on Saturdays in complainant's place. In July, 1973 the employer was informed by the local union that the two employees did not desire to and would no longer work Saturdays for complainant. The employer offered another job which would not require complainant to work on Saturdays, but which paid less than he had been earning. Employer advised complainant that by transferring to the general

labor classification he would suffer no loss of seniority rights or other fringe benefits with exception of the reduction in pay. The new job would pay $3.13 per hour rather than $3.63 which complainant was earning. Complainant accepted the new job classification but filed a complaint with the State Division of Human Rights, claiming that the employer had unlawfully discriminated against him by reason of his religion. An investigation was made by the division which determined that it found no probable cause to believe that the employer was engaging in the unlawful practice complained of and it dismissed the complaint. Complainant appealed the dismissal order to the State Appeal Board. The board found that the division's order of dismissal was "arbitrary, capricious and an unwarranted exercise of discretion" and it reversed and vacated the division's order. The board further held "that there is probable cause to believe that the respondents have engaged in the unlawful discriminatory practice complained of" and remanded the matter to the division for further proceedings. Section 296 (subd 10, par [a]) of the Executive Law provides: "It shall be an unlawful discriminatory practice for any employer to prohibit, prevent or disqualify any person from, or otherwise to discriminate against any person in, obtaining or holding employment, because of his observance of any particular day or days or any portion thereof as a sabbath or other holy day in accordance with the requirements of his religion." The record establishes that the employer did not violate the provisions of paragraph [a] of subdivision 10. There is substantial evidence that the employer made every reasonable effort to accommodate complainant and to allow him to continue in his employment. The division properly determined that the employer did nothing "to prohibit, prevent or disqualify [complainant] or otherwise to discriminate against [him] in obtaining or holding employment, because of his observance * * * of his religion". He was permitted to continue in employment and has been continuously employed. The finding of the division of no probable cause was supported by substantial evidence and cannot be characterized as "arbitrary and capricious" *(Matter of Holland v Edwards,* 307 NY 38, 44). The Executive Law properly obliges employers to make reasonable accommodations to meet the religious needs of their employees. Such accommodations should not work an undue hardship which would jeopardize the financial existence of the employer. The employer here is dealing with a product of extremely perishable nature. Production schedules must be rigidly adhered to in processing milk. Notwithstanding this fact, the employer made every effort to co-operate with the complainant and did so until circumstances prevented it from continuing the work schedules which had existed for two years. Admittedly, complainant has suffered a reduction of 50 cents per hour in his wages. Regretable as this is, the employer suggests that this is the economic sacrifice complainant, if he is to remain in his present employment, must make in exercising his religious beliefs. There is no evidence in this record that the employer's "decision was in fact actuated by discrimination against creed" *(Matter of Eastern Greyhound Lines Div. of Greyhound Lines v New York State Div. of Human Rights,* 27 NY2d 279, 283). On the record before us the division properly determined the matter and its determination should be confirmed. (Proceeding pursuant to Executive Law, § 298.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.