Memorandum. Order of the Appellate Division reversed, order of the Human Rights Appeal Board reinstated, and the case remitted to the Division of Human Rights for an evidentiary hearing. Section 296 (subd 10, par [a]) of the Executive Law prohibits discrimination in employment based on a person’s "observance of any particular day or days or any portion thereof as a sabbath or other holy day in accordance with the requirements of his religion”. The statutory prohibition does not apply, however, "where the uniform application of terms and conditions of attendance to employees is essential to prevent undue economic hardship to the employer” (Executive Law, § 296, subd 10, par [c]).
The record in this case is not sufficiently developed to *875 determine, as a matter of law, whether retaining complainant in his former position would have resulted in undue economic hardship to the employer. If, as the employer contends, designating a qualified substitute for complainant’s Saturday shift would entail any significant increase in costs, that would be enough to establish undue hardship. It should be obvious that an undue economic hardship does not require any threat or undermining of the economic stability of an enterprise. It would be enough that a palpable increase in costs or risk to industrial peace would be required in order to accomplish the end sought by the employee. But, without an evidentiary hearing, it cannot be determined definitively whether the employer could have accommodated appellant’s schedule without such significant cost or risk.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur; Judge Jasen dissents and votes to affirm on the memorandum at the Appellate Division (53 AD2d 1053).
Order reversed, with costs, order of the Human Rights Appeal Board reinstated, and the case remitted to the Appellate Division, Fourth Department, with directions to remand to the Division of Human Rights for further proceedings in accordance with the memorandum herein.