■    In the Matter of SCHWEIZER AIRCRAFT CORPORATION, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board dated March 14, 1978 which affirmed an order of the State Division of Human Rights dated January 28, 1976, finding the petitioner employer had discriminated against complainant because of his religious observances, and ordering petitioner to offer complainant a position, and directing that it pay him what he would have earned from the time he was refused employment, less earnings in the interim. In February, 1974 complainant applied for a job as a machinist at the employer's factory. At his personal interview complainant stated that his religion, Seventh Day Adventist, prohibited him from working from sundown Friday to sundown Saturday. The employer subsequently offered

complainant a job on its second shift, which ran from 4:30 P.M. to 1:00 A.M. Monday through Friday. Complainant refused to accept this position since it posed a conflict with his sabbath observance. The employer refused to accommodate complainant by assigning him to the day shift on Fridays or permitting him to work a four-day week. A verified complaint was filed with the State Division of Human Rights charging the company with unlawful discrimination on account of sabbath observance (Executive Law, § 296, subd 10). A public hearing was held following which the division found the employer had violated the law and ordered it to offer complainant a job with back pay less what he had earned in the interim. The appeal board affirmed the order in all respects and this proceeding ensued. Section 296 (subd 10, par [a]) of the Executive Law provides: "It shall be an unlawful discriminatory practice for any employer to prohibit, prevent or disqualify any person from, or otherwise to discriminate against any person in, obtaining or holding employment, because of his observance of any particular day or days or any portion thereof as a sabbath or other holy day in accordance with the requirements of his religion." Paragraph (c) of subdivision 10, upon which the petition relies, provides, in relevant part: "In the case of any employer other than the state, any of its political subdivision or any school district, this subdivision shall not apply where the uniform application of terms and conditions of attendance to employees is essential to prevent undue economic hardship to the employer. In any proceeding in which the applicability of this subdivision is in issue, the burden of proof shall be upon the employer." The Court of Appeals has recently shed some light on the meaning of "undue economic hardship": "It should be obvious that an undue economic hardship does not require any threat or undermining of the economic stability of an enterprise. It would be enough that a palpable increase in costs or risk to to industrial peace would be required in order to accomplish the end sought by the employee" (State Div. of Human Rights v Carnation Co., 42 NY2d 873, 875). Petitioner claims that the accommodation desired by the complainant would require a "palpable increase in costs" and create "risk to industrial peace". Petitioner's latter argument finds strong support in this record. At the hearing evidence was produced indicating that a special effort to accommodate the complainant would not only have been in violation of the petitioner's collective bargaining agreement with its union but, further, that such violation would have resulted in significant management-labor problems. A union representative testified that if a new employee were hired and placed on the day shift there would be a grievance filed by night shift employees with greater seniority. The issue of shift transfers was apparently a sensitive question. There was also testimony that the union would take exception to allowing an individual to work a four-day week. In our view the petitioner employer met its burden of proving that an accommodation such as that sought by the complainant herein would have resulted in a "risk to industrial peace" (State Div. of Human Rights v Carnation Co., supra) so as to be an "undue economic hardship" within the meaning of section 296 (subd 10, par [c]) of the Executive Law. Petition granted, order annulled, without costs, and complaint charging an unlawful discriminatory practice dismissed. Mahoney, P. J., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.