■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v ROCHESTER HOUSING AUTHORITY, Respondent. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: This is a proceeding pursuant to section 298 of the Executive Law to annul a determination of no probable cause

made by the State Division of Human Rights and affirmed by the State Human Rights Appeal Board. Complainant, one of three Jewish employees of the Rochester Housing Authority, charges that she was discriminated against, in violation of section 296 (subd 10, par [b]) of the Executive Law, because, although permitted to take the days off for the observance of Rosh Hashanah and Yom Kippur in 1978, she was required, pursuant to the revised policy of the authority, to charge the absences to her vacation time. The revised personnel policy adopted on July 19, 1978 provides that employees "shall be excused for observation of known established religious holidays of the religion of his/her choice. Excused absence may be charged against Personal leave, Vacation leave or Compensatory leave." Such policy complies with section 296 (subd 10, par [b]) of the Executive Law in that it permits time off for religious observances. The provision that the absence be charged against "Personal leave, Vacation leave or Compensatory leave" is expressly permitted by section 296 (subd 10, par [b]) of the Executive Law which states in part: "provided however, that any such absence from work shall, wherever practicable in the judgment of the employer, be made up by an equivalent amount of time and work at some other mutually convenient time, *or shall be charged against any leave with pay ordinarily granted, other than sick leave,* provided further, however, that any such absence not so made up or charged, may be treated by the employer of such person as leave taken without pay" (emphasis supplied). The revised policy does not, therefore, violate the statute, a conclusion with which complainant agreed on the argument. Complainant argues, however, that the record does not contain sufficient evidence that respondent made affirmative efforts to accommodate her by permitting her to make up the absences by working overtime or on other holidays such as Christmas and Good Friday (see *Matter of Genesee Hosp. v State Div. of Human Rights,* 50 NY2d 917; *State Div. of Human Rights v Carnation Co.,* 42 NY2d 873). While an employer has an affirmative duty to make reasonable accommodation to permit an employee to be absent for religious holidays or observances, we find nothing in the statute or the cases supporting complainant's contention that the employer must make an accommodation so that the absence will not be charged to an employee's vacation or leave time. Section 296 (subd 10, par [b]) of the Executive Law gives the employer the discretion to choose the alternative adopted here by the authority in its revised personnel policy: i.e., requiring that the absence be charged to an employee's paid leave. There is no evidentiary support for complainant's contention that she was discriminated against because, although the revised policy was not in violation of the statute, it was, nevertheless, actuated by discrimination against creed (see *Matter of Eastern Greyhound Lines Div. of Greyhound Lines v New York State Div. of Human Rights,* 27 NY2d 279, 283). The other assertions made by complainant are without support in the record. The division's field representative conducted an in-depth investigation of the complaint, and there is a rational basis in the record for the determination of no probable cause (see *State Div. of Human Rights v Electro Networks, Div. of Chloride, Inc.,* 65 AD2d 959; *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332; *Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310). (Proceeding pursuant to Executive Law, § 298.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Schnepp, JJ.